## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JAMES BURRESS, an individual, | ) |
| | ) |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATIONS** |
| | ) **OF THE FAIR DEBT** |
| v. | ) **COLLECTION PRACTICES ACT** |
| | ) **("FDCPA")** |
| | ) |
| MIDLAND FUNDING, LLC, a | ) |
| Delaware Limited Liability Company, | ) **JURY TRIAL DEMANDED** |
| and MITCHELL DAVIS, an individual, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

### INTRODUCTION

1.

Plaintiff James Burress ("Plaintiff") files this Complaint for Damages against the Defendants Midland Funding, LLC and Mitchell Davis ("Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

1

2.

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions.

3.

The FDCPA forbids "debt collectors" from, among other things: (1) engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person," 15 U.S.C. § 1692d, (2) making a "false, deceptive, or misleading representation," 15 U.S.C. § 1692e, or (3) using "unfair or unconscionable means" to attempt to collect a debt, 15 U.S.C. § 1692f. Section 1692e specifically prohibits false representation of "the character, amount, or legal status of any debt" and the use of deceptive means "to collect or attempt to collect any debt." 15 U.S.C. § 1692e(2)(A), (10). *Sykes v. Mel Harris & Associates, LLC*, 757 F. Supp. 2d 413, 420-21 (S.D.N.Y. 2010).

4.

There is only one affirmative defense to liability for a violation of the FDCPA, the "bona fide error" defense. 15 U.S.C. § 1692k(c). *See Tourgeman v. Collins Financial Services, Inc*., 197 F. Supp. 3d 1222, 1225 (S.D. Cal. 2016).

5.

The bona fide error defense applies only to procedural or clerical errors. It does not excuse mistakes of law — i.e., "violations resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA." *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). To take advantage of this defense, the defendant must show by the preponderance of the evidence that its violation of the Act was not intentional, was a bona fide error, and occurred despite the maintenance of procedures reasonably adapted to avoid any such error. *Edwards v. Niagara Credit Solutions, Inc.,* 584 F.3d 1350, 1352-53 (11th Cir. 2009).

6.

The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006). Further, a single violation of the statute is sufficient to establish civil liability. *Id*.

7.

The Eleventh Circuit Court of Appeals has adopted the "least sophisticated consumer" standard to analyze claims of deception or misrepresentation under section 1692e. *Jeter v. Credit Bureau, Inc*., 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard analyzes whether a hypothetical least sophisticated

3

consumer would be deceived or misled by the debt collector's practices. *Id*. at 1175-76.

8.

The Supreme Court has held that litigation, as a debt collection practice, is subject to the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

## JURISDICTION AND VENUE

9.

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce ..."), and 15 U.S.C. §1692k (An action to enforce, any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, ...").

10.

This Court has personal jurisdiction over both Defendants for the purposes of this action because both Defendants transact business in the State of Georgia and the acts that form the basis for this suit occurred within the State of Georgia and this judicial district.

11.

Venue is proper in this judicial district because both Defendants engaged in the complained of collection activities in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ...").

## PARTIES

12.

Plaintiff is a natural person who is a resident of Fulton County, Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

13.

Defendant Midland Funding, LLC is a debt buyer operating within, and actively collecting or attempting to collect consumer debts in, the State of Georgia and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.

Defendant Midland Funding, LLC is in the business of debt collection and has no purpose other than the collection of debts.

15.

Defendant Midland Funding, LLC primarily collects consumer debts.

16.

Defendant Midland Funding, LLC uses the mails and instrumentalities of interstate commerce in the collection of consumer debts.

17.

Upon information and belief, Defendant Midland Funding, LLC regularly buys thousands of defaulted debts every year, is the plaintiff in thousands of state court lawsuits to collect those debts, and is not involved in any other business.

18.

Defendant Midland Funding, LLC's only business is the purchasing of debts for the purpose of collecting on those debts and without the collection of those debts, Defendant Midland Funding, LLC would "cease to exist." *See Rivas v. Midland Funding LLC*, 398 F. Supp. 3d 1294, 1303 (S.D. Fla. 2019).

19.

The principal purpose of Defendant Midland Funding, LLC's business is the collection of consumer debt.

20.

Summons and Complaint may be served on Defendant Midland Funding, LLC through its registered agent Midland Credit Management, Inc., which has a physical address for service 260 Peachtree Street NW, Suite 2109, Atlanta, Georgia 30303.

21.

Defendant Mitchell Davis is a natural person who works, or worked, as a process server.

22.

Upon information and belief, Summons and Complaint may be served on Defendant Mitchell Davis at 4003 Browne Court, Conley, Georgia 30288.

**STANDING**

23.

Plaintiff has suffered an injury-in-fact as a result of Defendants' violations of the FDCPA.

24.

The injury caused by Defendants' FDCPA violations has affected Plaintiff in a personal and individual way by causing Plaintiff unnecessary stress and anxiety, as well as causing Plaintiff to expend time and resources, which would not have occurred but for Defendants' violations of the FDCPA.

25.

Plaintiff's injury is concrete and actually exists because Defendants' violations of the FDCPA caused Plaintiff to suffer unnecessary stress and anxiety, and caused Plaintiff to expend time and resources, which would not have occurred but for Defendant's violations of the FDCPA.

26.

Defendants' violations of the FDCPA put Plaintiff at substantial risk of having a default judgment entered against Plaintiff in the state court action, which caused Plaintiff to suffer unnecessary stress and anxiety.

27.

Defendants' violations of the FDCPA have violated Plaintiff's statutory rights.

28.

The FDCPA statutorily creates Plaintiff's right to true and accurate information as well as a private right of action to enforce this statutorily created right to be provided true and accurate information.

29.

The FDCPA's statutorily created rights go beyond the right to just information—these rights include consumer rights to truthful and correct information, instead of false and misleading information, as well as rights to be free from intimidation, harassment, and unfair or unconscionable methods of attempting to collect debts.

30.

Plaintiff's rights created by the FDCPA also include the right to be provided adequate and truthful information allowing Plaintiff to better be able to evaluate

any claims made against the Plaintiff by a debt collector, allowing Plaintiff to more efficiently and effectively determine the best course of action in attempting to resolve any disputes or claims, and reducing the burden of independent investigation into those claims.

31.

Plaintiff's injuries caused by Defendants' violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, and they have resulted in stress and anxiety as well as lost time and resources.

**FACTUAL ALLEGATIONS**

32.

On November 12, 2019, Defendant Midland Funding, LLC filed a Complaint against Plaintiff in the State Court of Fulton County, Georgia, styled as the case of *Midland Funding, LLC v. James Burress*, case number 19EV006180 (the "State Court Action").

33.

The State Court Action was an attempt by Midland Funding, LLC to collect debts allegedly owed by James Burress under three separate consumer credit card accounts.

34.

Defendant Mitchell Davis never served Plaintiff with the summons and complaint in the State Court Action.

35.

On December 2, 2019, an affidavit of service was filed in the State Court Action (the "Affidavit of Service"). A true and accurate copy of the Affidavit of Service is attached as Exhibit A.

36.

In the Affidavit of Service, Defendant Mitchell Davis, a process server, swore that on November 21, 2019, he personally served James Burress with a copy of the summons and complaint in the State Court Action, and that James Burress accepted service.

37.

On December 22, 2019, Plaintiff filed a responsive pleading the in the State Court Action, titled "Motion for Special Appearance; Motion to Dismiss Due to Failure to Properly Serve; Motion to Quash."

38.

Plaintiff's responsive pleading and motion explained that James Burress was never served with the summons and complaint, that service was not perfected, and

detailed how two of Plaintiff's Nest security cameras captured video of Defendant Mitchell Davis' visit and failure to serve Plaintiff.

39.

Plaintiff's responsive pleading included an exhibit with links to the two videos from Plaintiff's Nest security cameras showing Defendant Mitchell Davis' visit to Plaintiff's residence on November 20, 2019.

40.

The videos show that Defendant Mitchell Davis arrived at Plaintiff's residence, walked onto Plaintiff's porch, waited a few minutes, and then crumbled up what appeared to be the summons and complaint in his hands and then left without ever knocking on Plaintiff's door or ringing the doorbell.

41.

Plaintiff served a copy of his responsive pleading and all exhibits thereto upon Defendant Midland Funding, LLC via USPS First Class Mail properly addressed to in-house counsel for Midland Funding, LLC.

42.

Additionally, because Plaintiff e-filed his responsive pleading, the pleading and all exhibits were electronically served upon Defendant Midland Funding, LLC.

43.

Defendant Midland Funding, LLC had access to the electronic file in the State Court Action, and therefore had access to Plaintiff's responsive pleading and all exhibits thereto.

44.

Defendant Midland Funding, LLC knew that the Affidavit of Service was false.

45.

Defendant Midland Funding, LLC knew that Plaintiff James Burress was never served in the State Court Action.

46.

Defendant Mitchell Davis knew that the Affidavit of Service was falsely sworn.

47.

On January 23, 2020, Defendant Midland Funding, LLC filed a motion for default judgment against James Burress (the "Request for Entry of Default").

48.

The Request for Entry of Default requested that the "court enter default against defendant, JAMES BURRESS, for failing to serve a responsive pleading or

to otherwise defend in the time allowed, after being properly served as the record reflects."

49.

Along with the motion for default judgment, Midland Funding, LLC also filed a Certificate in Support of Default Judgment.

50.

The Certificate in Support of Default Judgment alleged, among other things, that "[t]he Defendant became in default by virtue of filing no Answer within the time required by O.C.G.A. 9-11-12(a), as shown by court records" and "[t]hat more than fifteen (15) days have elapsed since the default and no defensive pleadings have been filed or court cost been paid into Court by the Defendant, and the case remains in default."

51.

On February 19, 2020, a hearing on Defendant Midland Funding, LLC's motion for default judgment was held in the State Court Action.

52.

During the February 19, 2020 hearing, the attorney for Defendant Midland Funding, LLC was clearly very familiar with Plaintiff's video evidence of the sewer service, but made no attempt to withdraw the motion for default, and instead

argued that Defendant Midland Funding, LLC should be awarded a default judgment.

53.

Defendant Midland Funding, LLC was aware of the sewer service by Defendant Mitchell Davis, as well as Plaintiff's filed responsive pleading, but attempted to obtain a default judgment anyway.

54.

On February 27, 2020, Judge Myra Dixon of State Court of Fulton County, issued an order denying Midland Funding, LLC's motion for default. A true and accurate copy of the Order Denying Default Motion is attached as Exhibit B.

55.

Judge Dixon's Order Denying Default Motion states, in part, that "[t]he Court finds that Plaintiff did not perfect service upon Defendant. The video evidence clearly shows that instead of serving Defendant, as he attested to, Process Server Mitchell Davis ascend upon Defendant's porch, waited a few minutes, and then crumbled up the summons and complaint in his hands and then left without ever knocking on Defendant's door or ringing Defendant's doorbell."

56.

On March 31, 2020, the State Court Action was dismissed by Judge Dixon.

57.

Plaintiff James Burress is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as he is a natural person who Defendant Midland Funding, LLC alleged was obligated to pay a consumer debt.

58.

The outstanding balance that Plaintiff was allegedly obligated to pay to Defendant is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as it arose out of a transaction in which the services which were the subject of the transaction were primarily for personal, family, or household purposes.

59.

Defendant Midland Funding, LLC is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), as Defendant Midland Funding, LLC used instruments of interstate commerce in order to attempt to collect the debt from Plaintiff, including the use of the United States Mail, and because the principal purpose of Defendant Midland Funding, LLC's businesses is the collection of debts.

60.

The Complaint, the Request for Entry of Default, and the Certificate in Support of Default Judgment, filed by Defendant Midland Funding, LLC in the State Court Action each contain the following statements: "PLEASE

UNDERSTAND THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION WILL BE USED FOR THAT PURPOSE."

61.

The State Court Action concerns debts which were in default at the time they were obtained Defendant Midland Funding, LLC.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT MIDLAND FUNDING, LLC

62.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63.

Based on information and belief, Defendant Midland Funding, LLC violated the Fair Debt Collection Practices Act ("FDCPA").

64.

15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of a debt.

65.

Defendant Midland Funding, LLC violated 15 U.S.C. § 1692e by filing the false, deceptive, and misleading Request for Entry of the Default in the State Court

Action and representing to the court that James Burress failed "to serve a responsive pleading or to otherwise defend in the time allowed, after being properly served as the record reflects."

66.

Defendant Midland Funding, LLC violated 15 U.S.C. § 1692e by filing the false, deceptive, and misleading Certificate in Support of Default Judgment in the State Court Action and representing to the court that "[t]he Defendant became in default by virtue of filing no Answer within the time required by O.C.G.A. 9-11-12(a), as shown by court records" and "[t]hat more than fifteen (15) days have elapsed since the default and no defensive pleadings have been filed or court cost been paid into Court by the Defendant, and the case remains in default."

67.

15 U.S.C. § 1692e(2)(A) prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt." *Sanchez v. United Collection Bureau, Inc.*, 649 F. Supp. 2d 1374, 1379 (N.D. Ga. 2009).

68.

Defendant Midland Funding, LLC violated 15 U.S.C. § 1692e(2)(A) by falsely representing to the court that James Burress failed "to serve a responsive pleading or to otherwise defend in the time allowed, after being properly served as the record reflects."

17

69.

Defendant Midland Funding, LLC violated 15 U.S.C. § 1692e(2)(A) by falsely representing to the court that "[t]he Defendant became in default by virtue of filing no Answer within the time required by O.C.G.A. 9-11-12(a), as shown by court records" and "[t]hat more than fifteen (15) days have elapsed since the default and no defensive pleadings have been filed or court cost been paid into Court by the Defendant, and the case remains in default."

70.

15 U.S.C. § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Jeter v. Credit Bureau, Inc*., 760 F.2d 1168, 1175 (11th Cir. 1985).

71.

Defendant Midland Funding, LLC violated 15 U.S.C. § 1692e(10) because the Request for Entry of the Default in the State Court Action, made the false representation that James Burress failed "to serve a responsive pleading or to otherwise defend in the time allowed, after being properly served as the record reflects."

72.

Defendant Midland Funding, LLC violated 15 U.S.C. § 1692e(10) because

the Certificate in Support of Default Judgment in the State Court Action, made the false representations that "[t]he Defendant became in default by virtue of filing no Answer within the time required by O.C.G.A. 9-11-12(a), as shown by court records" and "[t]hat more than fifteen (15) days have elapsed since the default and no defensive pleadings have been filed or court cost been paid into Court by the Defendant, and the case remains in default."

73.

15 U.S.C. § 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." *Freeman v. ABC Legal Services, Inc.*, 827 F. Supp. 2d 1065, 1075 (N.D. Cal. 2011).

74.

Defendant Midland Funding, LLC violated 15 U.S.C. § 1692f by continuing its attempts to collect the debt through litigation and attempting to obtain a default judgment after being aware that service was not perfected.

75.

Defendant Midland Funding, LLC violated 15 U.S.C. § 1692f by filing the Request for Entry of the Default in the State Court Action when the action was not in default.

76.

Defendant Midland Funding, LLC violated 15 U.S.C. § 1692f by using the Affidavit of Service, which Defendant Midland Funding, LLC knew was false, in an attempt to obtain a default judgment in the State Court Action. *See Freeman v. ABC Legal Servs.*, 827 F. Supp. 2d 1065, 1075 (N.D. Cal. 2011); *Keylard v. Mueller Anderson, P.C.*, No. 13 C 2468, 2013 WL 4501446, at 2 (N.D.Ill. Aug. 22, 2013) (holding that an allegation that a debt collector knew a service affidavit was false but nonetheless sought a default judgment based on the affidavit states a claim under § 1692f).

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT MITCHELL DAVIS

77.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78.

Based on information and belief, Defendant Mitchell Davis violated the Fair Debt Collection Practices Act ("FDCPA").

79.

Based on information and belief, Defendant Mitchell Davis works, or used to work, as a process server.

80.

The FDCPA expressly exempts any "person" engaged in "serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." 15 U.S.C. § 1692a(6)(D). Thus, process servers whose involvement is merely "limited to serving the [debt collection] communication on the consumer — in effect, to being messengers" — are exempt. *Romea v. Heiberger Assocs.*, 163 F.3d 111, 117 (2d Cir. 1998).

81.

But a process server who goes "beyond being merely being a messenger . . . and engages in prohibited abusive or harassing activities to force an individual to repay a debt" cannot claim the exemption's protections. *Flamm v. Sarner Assoc., P.C.*, No. 02 Civ. 4302 (LAR), 2002 WL 31618443, at *5 (E.D. Pa. Nov. 6, 2002); *see McNall v. Credit Bureau of Josephine County*, 689 F. Supp. 2d 1265, 1277-78 (D. Or. 2010).

82.

Because the FDCPA protects process servers only "while" they serve process, a process server's alleged failure to serve process and provision of a perjured affidavit of service removes the process server from the exemption. *See Sykes v. Mel Harris & Associates, LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010).

83.

Defendant Mitchell Davis signed the Affidavit of Service, which states "I, being first duly sworn, depose and state: . . . [u]nder penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and accurate."

84.

Defendant Mitchell Davis never served the summons or complaint upon James Burress.

85.

Defendant Mitchell Davis violated 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692e(10), and 1692f by falsely swearing on the Affidavit of Service that he served the summons and complaint upon James Burress.

## DAMAGES

86.

15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000.00 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

87.

Defendant Midland Funding, LLC's actions have caused Plaintiff anxiety and stress, emotional distress, lost time and resources, and have resulted in actual and direct harm to Plaintiff.

88.

Defendant Mitchell Davis' actions have caused Plaintiff anxiety and stress, emotional distress, lost time and resources, and have resulted in actual and direct harm to Plaintiff.

89.

Defendants' aggressive collection tactics affected Plaintiff deeply and continue to affect him to this day.

90.

Plaintiff was shocked and humiliated when he came home from work to find a stack of legal papers folded and cradled against the handle of his front door.

91.

Plaintiff lives in a condominium on the first floor. Plaintiff's neighbors pass by his front door when coming and going. Plaintiff's personal business, relating to litigation for several alleged defaulted debts, was left on his front door, accessible and visible to anyone who may have looked. This caused Plaintiff significant stress, embarrassment, and humiliation.

92.

Plaintiff was shaken and upset by how clear it was that part of the document was missing. Plaintiff could see the remnants of pages that had been torn from the staple holding the packet together. Defendant Mitchell Davis had ripped pages from the package and took them with him. This caused Plaintiff to be fearful because he did not know what information had been removed, where it had gone, or who obtained it.

93.

Plaintiff was stressed and anxious because he did not know what to do. Plaintiff spent at least twelve (12) hours researching Georgia law, and was able to conclude that he had not been properly served with the summons and complaint and that he needed to inform the court. Plaintiff also discovered that he could file a complaint against the process server Mitchell Davis with the Superior Court of Fulton County, which he did.

94.

Plaintiff spent hours drafting and filing a responsive pleading to challenge the court's jurisdiction due to lack of service, demonstrating to the court exactly what happened. As required by Georgia law, Plaintiff served a copy of his responsive pleading upon Defendant Midland Funding, LLC via USPS First Class Mail properly addressed to in-house counsel for Midland Funding, LLC. Plaintiff's

responsive pleading was also filed as part of the electronic case file, and Defendant Midland Funding, LLC received the responsive pleading via electronic service.

94. 95.

When Defendant Midland Funding, LLC filed its motion for default judgment, despite being on notice of the sewer service and the fact that Plaintiff filed a responsive pleading within the time allowed, Plaintiff became more anxious, fearful, and depressed. It was clear to Plaintiff that Defendant Midland Funding, LLC would do whatever it could, no matter how deceptive and unconscionable, to obtain a default judgment.

96.

Plaintiff was summoned to court for a hearing on Defendant Midland Funding, LLC's motion for default. Plaintiff was forced to take off from work. Plaintiff spent time preparing to argue his position.

97.

Still, to this day, Plaintiff is fearful that Defendant Midland Funding, LLC will again violate the FDCPA and do "whatever it takes" in its attempt to obtain a judgment against Plaintiff.

98.

Plaintiff has lost many hours of sleep as a result of the Defendants' FDCPA violations.

99.

Plaintiff has recently sought medical help because of the anxiety that he has experienced as a direct result of Defendants' actions. Plaintiff has been diagnosed with anxiety and depression and has been put on medication as treatment.

100.

Plaintiff spent over sixty (60) hours researching the law, drafting and filing pleadings, and attending the hearing in the State Court Action.

101.

Plaintiff missed an additional twelve (12) hours of work due to dealing Defendants' FDCPA violations contained in the State Court Action.

102.

Plaintiff incurred out-of-pocket expenses totaling approximately $183.00, including e-filing fees, transportation to and from the default hearing, filing subscription fees, and legal research expenses, which would not have been incurred but for Defendants' FDCPA violations.

## JURY DEMAND

103.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)    Find both Defendants liable for violations of the Fair Debt Collection

Practices Act for the reasons stated in the Complaint above;

(2)     Award Plaintiff the full $1,000.00 statutory damages for each Defendant's FDCPA violations;

(3)     Award Plaintiff actual damages in an amount to be determined;

(4)     Award Plaintiff reasonable attorney's fees and costs in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(5)     Award Plaintiff the reasonable costs of this action;

(6)     Award Plaintiff other expenses of litigation;

(7)     Grant Plaintiff such other and additional relief as the Court deems just and equitable.

Respectfully submitted this August 18, 2020.

/s/ Jerry T. Parisi
Jerry T. Parisi
Georgia Bar No. 881415
*Attorney for Plaintiff*

The Parisi Law Firm, LLC
2897 N. Druid Hills Rd. #349
Atlanta, Georgia 30329
Ph.    404.594.5130
Fax    404.393.2691
jerry@parisifirm.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B). The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14-point font.

Respectfully submitted this August 18, 2020.

/s/ Jerry T. Parisi
Jerry T. Parisi
Georgia Bar No. 881415
*Attorney for Plaintiff*

The Parisi Law Firm, LLC
2897 N. Druid Hills Rd. #349
Atlanta, Georgia 30329
Ph.    404.594.5130
Fax    404.393.2691
jerry@parisifirm.com

28